IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1872-WJM

RACHEL ABACHICHE,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,[1]

    Defendant.

---

**ORDER VACATING DECISION OF ADMINISTRATIVE LAW JUDGE AND REMANDING TO COMMISSIONER**

---

This matter is before the Court on review of Defendant Commissioner of the Social Security Administration Andrew M. Saul's (the "Commissioner's") decision denying Plaintiff Rachel Abachiche's application for a period of disability and disability insurance benefits. For the reasons set forth below, the Commissioner's decision to deny Plaintiff's application for disability insurance benefits is vacated, and this case is remanded for further proceedings consistent with this Order.

**I. BACKGROUND**

Abachiche was born in 1977 and was 38 years old on the alleged onset date of June 2, 2016. (Administrative Record ("R.") [ECF No. 9] at 145.) Her highest level of educational achievement was one year of college. (R. at 169.) For over 10 years preceding the alleged onset date, she worked as a manager at McDonald's. (R. at

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as the proper defendant under Federal Rule of Civil Procedure 25(d) and the last sentence of 42 U.S.C. § 405(g).

169–70.)

Abachiche applied for a period of disability and disability insurance benefits on September 1, 2016.  (R. at 15, 145.)  She claimed disability due to multiple sclerosis, optic neuritis, restless leg syndrome, pain in legs, severe muscle weakness, insomnia, fatigue, migraines, impaired cognitive functioning, and memory loss.  (R. 168.)  Her application was denied on March 22, 2017.  (R. at 81–84.)  She requested and received a hearing in front of an Administrative Law Judge ("ALJ"), Lynn Ginsberg.  (R. at 31–58, 86–101.)  That hearing took place on May 22, 2018.  (R. at 31–58.)

## II. THE ALJ's DECISION

On August 17, 2018, the ALJ denied Abachiche's claim for benefits in a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2]  (R. at 12–30.)  Before evaluating step one, the ALJ concluded that Abachiche had "acquired sufficient quarters of coverage to remain insured through December 31, 2021."  (R. at 17.)

Turning to the five-step process itself, the ALJ found at step one that Abachiche had not engaged in substantial gainful activity since the alleged onset date.  (R. at 17.)  At step two, the ALJ found that Abachiche had the following severe impairments: relapsing and remitting multiple sclerosis; migraines; obesity; and restless leg

---

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his or her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).  The claimant has the burden of proof through steps one to four; the Commissioner has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

2

syndrome. (R. at 18.) At step three, the ALJ found that Abachiche did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. at 19.)

Regarding Abachiche's residual functional capacity ("RFC"), the ALJ found:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), specifically the claimant can lift and carry ten pounds occasionally and less ten pounds frequently, can stand or walk for two hours total, and can sit for six hours total in an eight-hour workday with normal breaks. The claimant can never climb ladders, ropes, or scaffolds, can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can frequently perform fine manipulation and occasionally feel with the right upper extremity. The claimant can have no exposure to temperature extremes of hot and cold, unprotected heights, or even terrain and no use of moving, hazardous machinery. The claimant is limited to unskilled work at all reasoning levels appropriate for unskilled work and should have only occasional, superficial interaction with the public.

(R. at 19–20.)

At step four, the ALJ determined that, given Abachiche's RFC, she is unable to perform any past relevant work. (R. at 25.) At step five, taking into account Abachiche's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Abachiche can perform. (R. at 26.) Based on the hearing testimony from a vocational expert, the ALJ determined that Abachiche could perform such jobs as electronics worker, hand painter-stainer, and documents preparer. (R. at 26.) Consequently, the ALJ found that Abachiche had not been under a disability, as defined in the Social Security Act, from June 2, 2016, through the date of the decision. (R. at 27.)

### III. STANDARD OF REVIEW

The Court's review of a determination that a claimant is not disabled is limited to determining whether the record contains substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "Evidence is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. However, the Court "may not reweigh the evidence nor substitute [its] judgment" for the Commissioner's. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Additionally, "[t]here are specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). "Failure to follow these rules constitutes reversible error." *Id*.

### IV. ANALYSIS

Abachiche advances three grounds for vacating the decision below: (1) the ALJ failed to evaluate the medical evidence and medical or treating source opinions as required by 20 C.F.R. § 404.1527;[3] (2) the ALJ failed to perform a proper pain analysis;

---

[3] Section 404.1527 defines medical opinions as ". . .statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including

4

and (3) the ALJ failed to meet the Commissioner's step five burden. (ECF No. 16.) The Court need only address Plaintiff's first argument, as it provides a basis for vacating the decision of the Commissioner denying Plaintiff disability insurance benefits, and remanding this case for further proceedings.

Abachiche argues that the ALJ failed to properly evaluate medical evidence and medical source opinions provided by her treating neurologist, Ralph Round, M.D. (*Id.* at 8–9.) Specifically, Abachiche identifies three of Dr. Round's treatment notes from 2016, the year in which she had an exacerbation of her multiple sclerosis symptoms. First, in April 2016, the Assessment section of Dr. Round's treatment notes stated, among other things, "Multiple sclerosis generally doing well although does have chronic fatigue which is extreme," "Now with major exacerbation and not improving as hoped with Solumedrol," "Not to go on upcoming trip for business as was planned," and "Consider temporary disability." (R. at 295.)

Next, in May 2016, Abachiche saw Dr. Round again, and the Assessment section of his treatment notes stated, among other things, "Multiple sclerosis with recent major exacerbation," "Still quite symptomatic weeks out," and "May need to consider extension of disability." (R. at 292.)

Finally, in November 2016, Abachiche had a follow-up visit with Dr. Round. Among other things, his treatment notes reflect Abachiche had: an unsteady gait; muscle strength of 5/5 in all major muscle groups, except giveway in the right leg; tone: spastic in right upper limb and right lower limb; hypoesthesia in right body distribution;

---

your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

and reflexes of 3+ right and 2+ left.  (R. at 285.)  The Assessment section of Dr. Round's treatment notes stated, among other things, "Multiple sclerosis relapsing/remitting with significant secondary progression at this point" and "To remain on disability for now."  (R. at 285.)

Abachiche argues that not once in discussing Dr. Round's treatment records did the ALJ acknowledge that Dr. Round endorsed Abachiche going on disability instead of trying to work.  (ECF No. 16 at 9.)  Further, she contends it is "improper for the ALJ to 'pick and choose among medical reports' in such a manner, using only selective portions of the evidence that would tend to support the ALJ's conclusion."  (*Id.*)  Abachiche emphasizes that "Dr. Round did not retract his position at any point through his 2018 examinations."  (*Id.* at 10.)  She asserts that Dr. Round's notes show that he believed that an attempt by Abachiche to work was "contraindicated," and that, "[i]nstead of evaluating Dr. Round's conclusion in light of the medical evidence, the ALJ improperly substituted her own opinion about what the clinical findings meant."  (*Id.*)  Abachiche also argues the ALJ failed in her duty to develop the record because she did not recontact Dr. Round for clarification.  (*Id.*)

In response, the Commissioner argues the ALJ had no duty to weigh as opinion evidence any statements by Dr. Round that did not reflect the nature of severity of Abachiche's limitations.  (ECF No. 17 at 6.)  As an initial matter, the Commissioner argues it is not clear that Dr. Round's notation was intended to be an endorsement of disability and suggests the note may in fact reflect Abachiche's reports.  (*Id.* at 7 (citing R. at 285).)  Regardless, the Commissioner argues Dr. Round's statement reflects no information regarding Abachiche's functional abilities and relates to a dispositive issue

6

reserved to the Commissioner.[4]  (*Id.*)  Because only medical opinions must be evaluated using the factors set forth in § 404.1527, the Commissioner argues the ALJ did not err in not weighing the statement or in not recontacting Dr. Round.  (*Id.* at 7–8.)

In addition to discussing evidence supporting his decision, an ALJ must discuss "the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  *Clifton v. Chater*, 79, F.3d 1007, 1010 (10th Cir. 1996).  The ALJ failed to do so here.  The record demonstrates that on at least three occasions, Abachiche's treating neurologist made notations related to disability—all in relatively vague levels of detail.  (R. at 285, 292, 295.)  While it is clear from her recitation of the objective medical evidence that the ALJ considered Dr. Round's treatment notes (R. at 21–24), the ALJ failed to acknowledge the statements Dr. Round made related to Abachiche's disability—much less explain what impact, if any, the

---

[4] Section 404.1527 provides:

> (d) Medical source opinions on issues reserved to the Commissioner.  Opinions on some issues . . . are not medical opinions, as described in paragraph (a)(1) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.

> (1) Opinions that you are disabled.  We are responsible for making the determination or decision about whether you meet the statutory definition of disability.  In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled.  A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. § 404.1527(d)(1).

statements had on her finding that Abachiche is not disabled.

The Court acknowledges the Commissioner's argument that Dr. Round's statements do not explicitly make findings regarding Abachiche's functional abilities, as a treating physician would typically do in rendering a medical opinion. (ECF No. 17 at 7.) However, each statement related to Abachiche remaining on disability suggests Dr. Round thought Abachiche could not work. The Commissioner argues it is "not clear that Dr. Round's notation was intended to be his endorsement of disability." (*Id.*) Instead, the Commissioner suggests Dr. Round might have been parroting his patient's reports. (*Id.*) Surely, the vagueness of Dr. Round's statements is the crux of the issue.

Given the uncertainty surrounding Dr. Round's statements, it is not sufficiently clear to the Court that the ALJ could make a finding supported by substantial evidence that Abachiche was not disabled without reopening the record and obtaining additional medical evidence. The Tenth Circuit has held that "[i]t is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (quoting *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)). Here, the ALJ erred in failing to shore up the record to address Dr. Round's statements prior to making a finding of no disability.

Because the Court vacates and remands for the reasons stated above, the Court need not address the other arguments Abachiche raises. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006). The Court expresses no opinion as to Abachiche's other arguments and neither party should take the Court's silence as tacit approval or disapproval of those arguments. The Court also does not intend by this opinion to

suggest the result that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand.  *See Kepler v. Chater*, 68 F.3d 387, 391–92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case].  Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." (internal quotation marks omitted)).

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS that the decision of the Commissioner denying Plaintiff Rachel Abachiche's application for Social Security disability benefits is VACATED, and this case is REMANDED for further proceedings consistent with this Order.  The Clerk shall enter judgment accordingly and shall terminate this case.  Abachiche shall have her costs, if any, upon compliance with D.C.COLO.LCivR 54.1.

Dated this 14th day of September, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge